```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

ADRIAN WHITE,                    (
                                 (
     Petitioner,                 (
                                 (
vs.                              (    Case No. 06-2057-B/P
                                 (
WARDEN, SOUTHEASTERN             (
TENNESSEE REGIONAL               (
CORRECTIONAL FACILITY,           (
                                 (
     Respondent.                 (
_____

    ORDER DIRECTING CLERK TO UPDATE MAILING ADDRESS OF PETITIONER
                        ORDER OF DISMISSAL
             ORDER DENYING CERTIFICATE OF APPEALABILITY
                              AND
           ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____
```

On January 26, 2006, Petitioner, Adrian White, who is now incarcerated at the Southeastern Tennessee Regional Correctional Facility ("SERCF'), in Pikeville, Tennessee,[1] filed this petition under 28 U.S.C. § 2254. On March 27, 2006, he filed a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED.

The Clerk of Court is ORDERED to file the case, to update petitioner's address, and to record the respondent as Warden, SERCF.[2] The Clerk shall not issue any process in this case.

---

[1] When the petition was filed White was incarcerated at the Northwest Tennessee Correctional Complex in Tiptonville, Tennessee. He later submitted his motion to proceed in forma pauperis which reflects that he is now at the SERCF. The Clerk failed to update the address on the docket. The Clerk is directed to update petitioner's address to the SERCF.

[2] The proper respondent to a habeas petition is the petitioner's custodian. The Clerk shall record the respondent as the Warden of the SERCF. The Clerk shall delete all references to Paul Summers, Tennessee State Attorney General as respondent.

State Court Procedural History

On October 30, 1996, Petitioner White was convicted by a Shelby County Criminal Court jury of first degree murder and two counts of aggravated robbery. White appealed and his conviction was affirmed. State of Tennessee v. White, No. 02C01-9710-CR-00384, 1998 WL 376352 (Tenn. Crim. App. July 8, 1998), perm. app. denied, (Tenn. Dec. 14, 1998).

On June 14, 2000, Petitioner filed a petition for post-conviction relief in the trial court. The trial court summarily dismissed the petition as barred by the applicable one-year statute of limitations. On March 1, 2004, the Tennessee Court of Criminal Appeals affirmed the trial court. White v. State, No. W2002-02755-CCA-R3-PC, 2004 WL 385188 (Tenn. Crim. App. Mar. 1, 2004), perm. app. denied, (Tenn. Aug. 30, 2004). The appellate court held that Tenn. Code Ann. § 40-30-102(a) barred White's petition for post-conviction relief. White, 2004 WL at *4.

Analysis

The petitioner's right to attack his conviction under § 2254 is now directly barred by the amendments to the federal habeas statutes in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), which created in § 2244(d) a statute of limitations for filing habeas petitions under § 2254. The Court should consider this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161

(D. Md. 1997). Section 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). In applying this statute of limitations, a prisoner has filed his petition within that period if he has given it to prison authorities for mailing and he has satisfied the verification requirements of Rule 25(a)(2)(C), Federal Rules of Appellate Procedure. In re Sims, 111 F.3d 45, 47 (6th Cir. 1997)(citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

3

White's conviction became final on December 14, 1998, when the Tennessee Supreme Court denied permission to appeal the denial of his direct appeal. White was allowed one year to either file a state post-conviction petition or a federal habeas petition. Because White did not file a timely post-conviction petition, which would have tolled his AEDPA statute of limitations, the statute expired on December 14, 1999. He did not file this habeas petition until January 26, 2006.

Under a straightforward application of § 2244(d) and Austin v. Mitchell, 200 F.3d 391, 393-95 (6th Cir. 1999), this petition is untimely. See also Bennett v. Artuz, 199 F.3d 116 (2d Cir. 1999)(following Second Circuit caselaw holding that § 2244 limitations period for pre-AEDPA convictions begins running at enactment); Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998)(holding that § 2244 limitations period for state convictions that were final before the enactment of AEDPA begins running at the date of the enactment).

To the extent White contends that his time-barred post-conviction petition should toll the statute, that petition also was not filed until after the AEDPA statute of limitations had run.

> Under § 2244(d)(2), even "properly filed" state-court petitions must be "pending" in order to toll the limitations period. Post-judgment motions filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. In effect, Gordon argues not merely for the tolling of the period, but for its reinitiation. Section § 2244(d) makes no such provision where the reason for reinitiation is creation of a new remedy under state law.

<u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000).  White had no petition pending during the applicable period, December 14, 1998 through December 14, 1999.  "The tolling provision [of § 2244(d)(2)] does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." <u>Vroman v. Brigano</u>, 346 F.3d 598, 602 (6th Cir. 2003)(quoting <u>Rashid v. Khulmann</u>, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)).

Although the Sixth Circuit has ruled that the doctrine of equitable tolling may be invoked to toll the one-year limitation period applicable to § 2255 motions and habeas petitions, White's allegations do not demonstrate sufficient basis to toll the statute. <u>Dunlap v. United States</u>, 250 F.3d 1001, 1008 (6th Cir. 2001)(approving test for equitable tolling set forth in <u>Andrews v. Orr</u>, 851 F.2d 146 (6th Cir. 1988)).  The five parts of the test are:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

<u>Andrews</u>, 851 F.2d at 150.

Although White contends he is illiterate, he fails to allege any circumstances which prevented him from inquiring about additional remedies, such as the filing deadline for a post-

conviction petition, before the expiration of the AEDPA statute.[3] Ignorance of the time requirements for filing does not toll the limitations period. See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999)(in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law). Additionally, he presents no facts supporting any inference that, using due diligence, he could not have discovered the factual predicate for these claims within the statutory period mandated by the AEDPA.

The petitioner has not missed his statutory deadline by a few days or even months. Petitioner's delay in filing this petition displays a marked lack of diligence in pursuing his rights. Neither does any ignorance of time constraints imposed by the AEDPA excuse this lack of diligence. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse [late] filing."). Thus, the Court determines that the application of equitable tolling is inappropriate under these circumstances. This petition is clearly barred by the AEDPA statute of limitations.

Furthermore, to the extent any tenable basis for equitable tolling existed, White's claims are procedurally defaulted. A state

---

[3] In the post-conviction proceedings, White argued that he had been erroneously advised of the statute expiration date by a legal aid. The state court noted that for an eighteen month period, "petitioner's pro se legal activity was not preempted by representation of counsel, ostensible or otherwise, and he was unhampered in filing a post-conviction petition because of the pendency of a direct appeal, apparent or otherwise. . . Moreover, petitioner had no right to counsel following the termination of his appeal." Williams v. State, 2004WL 385188 at *3-4 (citations omitted).

prisoner must exhaust available state remedies before requesting relief under 28 U.S.C. § 2254(b).  Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B) (i) there is an absence of available State corrective process; or
>
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982).  See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure.  Preiser v. Rodriquez, 411 U.S. 475, 477, 489-90 (1973).

Moreover, the state court must address the merits of those claims.  Coleman v. Thompson, 501 U.S. 722, 734-35 (1991).  A state prisoner is required to present each factual claim to the highest state court in order to exhaust his state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(holding that exhaustion

7

requirement mandates presentation of all claims to state court through discretionary review process). See also Pillette v. Foltz, 824 F.2d 494, 497-98 (6th Cir. 1987).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977); Rust, 17 F.3d at 160.

A petitioner confronted with either variety of procedural default must show cause and prejudice for the default in order to obtain federal court review of his claim. Teague, 489 U.S. at 297-99; Wainwright, 433 U.S. at 87-88. Cause for a procedural default depends on some "objective factor external to the defense" that interfered with the petitioner's efforts to comply with the procedural rule. Coleman, 501 U.S. at 752-53; Murray v. Carrier, 477 U.S. 478, 488 (1986). Furthermore, in demonstrating cause for a procedural default, a petitioner must have either completely exhausted the claim that constitutes cause, or demonstrate cause and prejudice for that claim as well. Edwards v. Carpenter, 529 U.S. 446, 452 (2000).

A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The petitioner must show that

8

"a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298, 327 (1995)(quoting Murray, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327.

Petitioner's claims have never been addressed by the Tennessee state courts. Further presentation of these claims is now barred by both Tennessee's state post-conviction petition statute of limitations and by Tennessee's one-petition rule. See Tenn. Code Ann. § 40-30-202(a), (c)(1997). Thus, the claims are exhausted through White's procedural default, and he has no avenue remaining for presentation of the claims.

The Sixth Circuit has previously upheld the dismissal of a Tennessee prisoner's habeas petition as barred by a procedural default caused by failing to file within the Tennessee statute of limitations on post-conviction relief. Hannah v. Conley, 49 F.3d 1193, 1194-95 (6th Cir. 1995). The Court construed the first post-conviction statute of limitations and stated "the language of Tenn. Code Ann. § 40-30-102 is mandatory." Id. at 1195. Petitioner's claims are exhausted by this procedural default. He cannot, therefore, obtain habeas relief in this Court. Crank v. Duckworth, 969 F.2d 363, 365-66 (7th Cir. 1992)(holding upon appeal after remand that attack on enhancing state sentence procedurally barred).

9

This procedural default operates as a complete and independent procedural bar to federal habeas review of all of his claims. This Court must honor the state court's invocation of its procedural bar. Ylst v. Nunamaker, 501 U.S. 797, 801 (1991).

White cannot establish cause and prejudice for his procedural default, and his claim of factual innocence is frivolous. To the extent White contends his trial and appellate attorneys' performance constitutes cause, an ineffective assistance of counsel claim asserted as "cause" to excuse the procedural default of another claim can itself be procedurally defaulted. See Carpenter, 529 U.S. at 452. Because White's claims of ineffective assistance were never substantively addressed in any post-conviction proceeding and thus, procedurally defaulted, then he cannot use such claim as "cause" to excuse the procedural default of these issues. Accordingly, under Carpenter, this Court is precluded from considering ineffective assistance as cause to excuse White's procedural default of all claims in this petition. Id.

Furthermore, as noted by the Tennessee Court of Criminal Appeals in the decision holding that Petitioner's post-conviction petition was time-barred, "the right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Thus, White cannot establish cause and prejudice for his procedural default of these claims.

Therefore, as it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled

to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The petition is DISMISSED.

IV. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability. Twenty-eight U.S.C. § 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that the AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073; see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, for the reasons discussed above, the petitioner's claims are clearly both procedurally barred and barred by the AEDPA statute of limitations, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

Also, as to any appeal, the United States Court of Appeals for the Sixth Circuit has held that the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2254 case, and thereby avoid the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[4] the petitioner must

---

[4] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

12

seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure (F.R.A.P.). <u>Kincade</u>, 117 F.3d at 952. If the motion is denied, the petitioner may renew the motion in the appellate court.

> F.R.A.P. 24(a) states, in pertinent part that:
>
> A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous. In this case, for the same reasons that the Court denied a certificate of appealability, the Court determines that any arguments petitioner might present on appeal would lack even arguable merit. The Court thus determines that any appeal in this case would not be taken in good faith. It is therefore certified, pursuant to F.R.A.P. 24(a), that any appeal in this matter by this petitioner is not taken in good faith and he may not proceed on appeal <u>in forma pauperis</u>.

---

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

IT IS SO ORDERED this 3rd day of July, 2006.

```
                                   _____
                                   J. DANIEL BREEN
                                   UNITED STATES DISTRICT JUDGE
```